CASE 60—PETITION EQUITY—SEPTEMBER 19.

## Jones vs. Noble, &c.

### APPEAL FROM HENRY COUNTY COURT.

1.  "This instrument of writing is to certify that I have this day sold to J. R. Shivell a certain tract of land, described in a deed which has been duly acknowledged in the Henry county court clerk's office, which deed is now in my possession, and which is to be delivered to said Shivell on the payment of two thousand dollars on the 25th of December, 1863.                    J. B. JONES."

    Shivell died before December 25, 1863, no part of the money having been paid. Some time thereafter, his personal representatives, &c., offered to pay, and sued to recover the land or five hundred dollars, for which Jones had sold it above the price Shivell was to pay. *Held—That they were not entitled to recover either the land or the five hundred dollars.*

2.  To enable either party to compel a specific execution, as a general rule, the contract must be mutually binding on each party. (*Boucher vs. Vanbuskirk*, 2 *Marshall*, 345; *Allen vs. Roberts*, 2 *Bibb*, 98; *New on Contracts*, 154.)

3.  In a conditional sale of land, the payment of the price on a particular day being a precedent condition to the conveyance and surrender of the possession, *time was of the essence of the contract,* and the land cannot be recovered without the performance of the condition precedent.

PRYOR & BARBOUR,                                    For Appellant.

S. E. DeHAVEN,                                      For Appellees,

CITED—

6 *Mon.*, 366; 3 *Mon.*, 321; *Mason vs. Chambers.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

In March, 1866, this action was brought by the personal representatives and heirs of J. R. Shivell, deceased, against appellant Jones and others, to enforce an alleged contract for the sale of a tract of land in Henry county, made by Jones in August, 1863, with their ancestor, and file a paper as the evidence of the alleged contract, with their petition, in the following language :

" This instrument of writing is to certify that I have this day sold to J. R. Shivell a certain· tract of land described in a deed, which has been duly acknowledged in the Henry county court clerk's office, which deed is now in my possession, and which is to be delivered to said Shivell on the payment of two thousand dollars on the 25th of December, 1863.                    J. B. JONES."

It is alleged that Shivell died about the 1st of November, 1863, and, in consequence thereof, the purchase price was not paid or tendered to Jones on the day specified for payment; but that, in a reasonable time thereafter, the money, with the interest accrued, had been tendered to him, and the delivery of the deed demanded; that he refused to receive the money, and to deliver the deed ; and that he had sold and conveyed the land to one Reese, and he had sold and conveyed it to one Miller, both of whom, it is alleged, had notice at the time of their purchases of the prior sale to Shivell.  They pray for a cancellation of the deeds to Reese and Miller respectively, and a conveyance of the land to them ; and if that cannot be granted, they pray that

Jones shall be adjudged to pay them five hundred dollars, the amount he received from Reese more than he contracted to sell it for to their intestate.

Jones, in his answer, admits the execution of the deed as stated in the writing filed with the petition, and also the execution of that writing, and says he was in embarrassed circumstances, was anxious to sell the land to raise money to relieve him, and only agreed to sell the land to Shivell upon condition that he paid him on the day therein named; that he retained the deed and possession of the land, and never intended to part with either until the money was paid; that a short time after the 25th of December, 1863, he went to the widow of decedent, now one of the plaintiffs, and offered to make the deed and deliver the land to her if she would then pay the money, or would pay it within one or two weeks; that she declined to pay the money, or to promise to pay it; and in February afterwards he sold and conveyed it to Reese; claims that he never sold the land to Shivell, but agreed to sell it to him if he would pay for it on the day named; and denies that any tender of the money was made to him until May or June, 1864, and denies that he is bound to convey.

Miller and Reese both deny any notice or knowledge of the alleged sale to intestate when they purchased, and resist the relief sought against them.

The circuit judge was of opinion that Shivell acquired, by the writing sued on, an equitable title to the land; but, as the subsequent vendees had acquired the legal title without notice of his equity, he could not therefore adjudge a specific execution, but rendered judgment against Jones for five hundred dollars, the amount he sold the land to Reese for more than Shivell was to pay him for it, and Jones now seeks to reverse that judgment.

It is not even alleged in the petition, nor is it shown that Shivell was under any obligation whatever to pay for the land; he did not sign the writing which is filed as the foundation of the action. It is obvious that Jones could not have sustained an action to compel the execution of the contract on the part of Shivell; but it was left to his election whether or not he would pay for the land and accept the deed prepared by Jones; if the money was never paid, the deed was not to be delivered; and that, by the writing, was entirely at the discretion of Shivell.

They understood that a delivery of a deed was necessary to its validity, and although Jones acknowledged the deed to repel the implication of a delivery from the acknowledgment, it is stipulated in the writing that Jones was to retain the possession of the deed, and deliver it to Shivell on the payment of two thousand dollars, and on no other terms. Appellees do not allege or claim that the title passed by the deed, but rely on the writing, and treat it as an executory contract.

This case is within the rule recognized by this court repeatedly, that to enable either party to compel a specific execution, the contract must be *mutually* binding on each. (*Boucher vs. Vanbuskirk*, 2 *Mar.*, 345; *Allen vs. Roberts*, 2 *Bibb*, 98; *New on Contracts*, 154.)

The foregoing is the general rule, and there is no reason shown why this case should form an exception on account of any peculiar hardship its enforcement would impose.

But another reason quite sufficient may be stated why the relief could not be granted, even admitting that there was a contract binding between the parties: the sale was a conditional one, the payment of the price being a precedent condition to the conveyance and

surrender of the possession of the land; time, therefore, was of the essence of the contract, and appellees could not recover without performance of the condition precedent.

Wherefore, the judgment is· *reversed*, and the cause remanded, with directions to dismiss the petition.