JOHN PHIPPS *vs.* HARRIS B. MUNSON AND ANOTHER.

While a suit for the foreclosure of a mortgage was pending the parties made a settlement under which the mortgagor was to pay the costs of the suit and the interest due within thirty days and at once to give the mortgagee a quitclaim deed of the mortgaged premises; the mortgagee to withdraw the suit and lease the premises to the mortgagor for a sum equal to the interest of the debt and to re-convey to him at any time within six months on his payment of the debt; which quitclaim deed and release were given according to the agreement. A tender of the amount of the debt was made after the expiration of the six months. Held—1. That a specific performance could not be decreed, because the money was not tendered within the six months.—2. That the transaction did not constitute in equity a new mortgage, it being clear upon the facts that the parties intended only a right on the part of the debtor to a re-conveyance upon a payment of the debt within the six months.

SUIT for a specific performance of a contract to convey lands, and for a redemption of mortgaged property; brought ·

to the Superior Court, and reserved upon facts found for the advice of this court. The case is sufficiently stated in the opinion.

*W. B. Wooster* and *E. B. Gager*, for the plaintiff.

*J. W. Alling* and *W. H. Williams*, for the defendants.

CARPENTER, J. The plaintiff alleges in his complaint that he was the mortgagor and that the defendant was the mortgagee of the premises described; that in March, 1881, a portion of the mortgage debt being due and unpaid, the defendant brought a suit for a foreclosure; that the parties came together and agreed upon a settlement, as follows:— The plaintiff was to pay the costs of the foreclosure suit and the interest due within thirty days, and was to execute and deliver to the defendant a quitclaim deed releasing all his interest in and to the mortgaged premises to him; the defendant was to withdraw the suit, lease the premises to the plaintiff for a sum equal to the interest of the debt, and was to re-convey the premises to him at any time within six months from the 18th day of March, provided the plaintiff should pay to the defendant the debt, $1700, with interest. He then alleges a performance by himself and a tender of the debt and interest on the 12th day of September, 1881, and a demand for a re-conveyance of the premises, and a refusal by the defendant to accept the money and re-convey.

The plaintiff claims a judgment that he may be permitted to redeem the premises, and that the defendants may be compelled to re-convey the same upon the payment of the money.

The allegations in the complaint are found true, except that the time limited was six months from the 9th, instead of the 18th of March, and consequently that the tender was not within the six months. It is also found that Munson sold the premises to Dunham, the other defendant, on the 10th of September, 1881.

It must be conceded that the complaint contemplates a

specific performance and seems to be framed with reference to that mode of relief.

A specific performance cannot be decreed because the plaintiff failed to pay the money within the time, and time is material. It is of the essence of the contract. The plaintiff claims however that his prayer to be permitted to redeem should be granted, on the ground that the transaction between the parties is to be regarded in equity as a new mortgage. In support of this claim he relies upon the familiar principle, that an absolute deed with an agreement to re-convey on the payment of a sum of money, will be treated as a mortgage. The principle itself is not controverted, but its application to this case is denied.

This, as all other contracts, must be interpreted as understood and intended by the parties. The intention of the parties when discovered must be the law of the case.

Did the parties intend to continue in another form the relation of mortgagor and mortgagee? Such an intention is not found in terms, and we think the finding is not equivalent to it. The agreement postponed the payment of $1,000 for six months, and provided that the note for $700 should be paid six months before it was due. In respect to time therefore Munson gained nothing but rather lost, while in other respects the risk seems to have been all on his side. At the end of six months, if the debt was not paid, he must again sue for a foreclosure or wait for the plaintiff to bring a suit to redeem. In either case it was practically giving the plaintiff much more time than he contracted for. That is very nearly a contradiction of the plain terms of the agreement. This is a good test. Suppose the plaintiff had proposed to give a mortgage in form to secure a note payable in six months. Can we presume that Munson would have accepted it? If not we certainly cannot presume that he intended by this agreement a mortgage simply.

The whole tenor and scope of the argument precludes the theory that another mortgage was intended. The object of the suit brought by Munson was to put an end to that relation. The object of the settlement, so far as the object

can be gathered from its terms and the attending circum-
stances, was to effect a foreclosure by the action of the
parties instead of the court.  The very purpose of the deed
was to destroy and not to create an equity of redemption;
and of the agreement to re-convey, to give to the plaintiff,
in lieu of an equity of redemption, a right to purchase for
a given price within a limited time.  A decree of fore-
closure at the expiration of the time limited, if the debt
was not paid, would have foreclosed the equity of redemp-
tion.  The expiration of the time agreed upon by the parties,
the money not being paid, put an end to the right to
re-purchase.  The result is the same accomplished by either
method.

The parties resorted to an agreement doubtless for the
purpose of saving expense.  In it we see nothing oppres-
sive, and nothing that contravenes any principle of law or
equity.

The intention of the parties seems to be plain on the face
of the transaction; and as we entertain no doubt in respect
to it we have no occasion to resort to artificial or technical
rules of construction for the purpose of construing the
agreement.  Nor have we any occasion to consider some
questions raised by the counsel for the defence.  For the
reasons already given we advise judgment for the defendants.

In this opinion the other judges concurred.