CASE 16—PETITION EQUITY—MARCH 10.

# Stembridge v. Stembridge's Administrator.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. VENDOR AND VENDEE.—Where A agrees to convey land to B, upon condition that B exercises his *option to do* a certain thing at a specified time, but the contract imposes no obligation upon B to do the thing specified, no immediate interest in the land passes to B.

2. TIME IS OF THE ESSENCE OF SUCH A CONTRACT, and unless B complies with its terms he can not demand its enforcement.

A agreed to convey to B a certain interest in a tract of land, covered by a mortgage, if B would pay a certain amount on the mortgage debt when it became due. Although B failed to pay any part of the mortgage debt, either at or after its maturity, his administrator seeks by this action to have the agreement treated as investing B with an equitable interest in the land, and to enforce a specific performance of the contract. *Held*—That the failure of B to pay the amount specified at the time fixed for its payment, amounted to a decision upon his part not to purchase the land upon the terms proposed, and deprived him of any right to enforce the contract.

WM. LINDSAY AND G. W. JOLLY FOR APPELLANT.

1. The suit being by the administrator for the sale of land, and there being no necessity to sell the land for the payment of debts, there was no right of action in the administrator.

2. A personal representative cannot maintain an action to set aside for fraud a conveyance made by his intestate.

3. Where a contract is unilateral and there is an option to perform within a given time, a failure to perform within that time leaves no enforce-

able agreement. (Magoffin v. Holt, 1 Duvall, 95; Jones v. Noble, 3 Bush, 694.)

4. Where there is want of mutuality in a contract time is of its essence both at law and in equity. (1 Bush, 99; 2 B. M., 489; 3 Bush, 394.)

W. L. BURTON for appellee.

Brief not in record.

JUDGE BENNETT delivered the opinion of the court.

In February, 1879, A. S. Stembridge conveyed to his wife, the appellant, a tract of land containing one hundred and twelve acres. The consideration for this conveyance was the undertaking by the appellant to pay to —— Rinehart, A. S. Stembridge's vendor, a balance of fifteen hundred dollars, with two years' interest thereon, due on this land by A. S.. Stembridge to said Rinehart, and to surrender a claim of five hundred dollars loaned by the appellant to A. S. Stembridge to pay on this land, and to cancel a promissory note held by the appellant on him for six hundred and forty-six dollars. Afterwards, the appellant borrowed of G. W. Jolly the sum of one thousand seven hundred and ninety dollars, which was used to pay the balance of the purchase money, with interest thereon due to Rinehart. She and A. S. Stembridge secured Jolly by executing to him a mortgage on this land. On the twenty-first day of February, 1880, after the making of said mortgage, the appellant executed a written agreement, which recites that the mortgage held by G. W. Jolly on said land for one thousand seven hundred and ninety dollars would be due the tenth day of February, 1881. The agreement then provides that "if A. S. Stembridge will pay on said mortgage debt, by the time it is due, namely, the tenth day of Feb-

ruary, 1881, the sum of sixteen dollars an acre for all the west end of said tract of land after setting apart to the said L. L. Stembridge fifty acres of the east end, fronting on the Calhoon road and including the house, etc., on said mortgage debt, she will convey the said remainder to him; but the amount to be paid by A. S. Stembridge is not to be less than one thousand dollars." This agreement was signed by the appellant, but not by A. S. Stembridge.  At the time this agreement was made the appellant, by a judgment of the Daviess Circuit Court, had power to act as a *feme sole.*  Also, there was a suit pending by the appellant against A. S. Stembridge for a divorce   A. S. Stembridge failed to pay the sum of money mentioned in the agreement on the Jolly note at its maturity; nor did he pay it thereafter.  After the death of A. S. Stembridge the appellee, as his administrator, sought, by this action, to have said agreement treated as investing A. S. Stembridge with an equitable interest in said land, and to enforce a specific performance of it.  The appellant paid off the Jolly note after the action was brought. She, in her answer, contended that the agreement did not invest A. S. Stembridge with an equitable interest in the land; that the agreement invested him with no title whatever, except upon condition that he paid said sum on the Jolly note at its maturity; and having failed to do so, the title, legal and equitable, remained in her. The lower court sustained the appellee's view of the agreement, and adjudged a sale of enough of the land, except the fifty acres reserved to the appellant, to satisfy the sum mentioned in the agreement, with interest thereon, which was to be paid to the appellant, she hav-

ing paid off the Jolly note, also charging her with the reasonable rent of said land. She has appealed to this court.

The said agreement did not bind A. S. Stembridge to take and pay for said land. The appellant agreed that if he should pay so much on the Jolly note at its maturity, then she would convey to him all of said land except fifty acres, etc.

The agreement contains no promise or obligation on A. S. Stembridge's part to pay said sum. It was left entirely optional with him to pay said sum or not. Nor did the agreement convey him any present interest in the land; nor did it bind the appellant to convey to him any interest in the land thereafter, except upon the condition of his exercising his option to pay said sum on the Jolly debt at its maturity. This option he never exercisêd, nor did his representatives. His failure, and that of his representatives, to do so, amounted to a decision not to purchase the land on the terms proposed by the appellant. As this agreement did not invest A. S. Stembridge with any immediate interest in the land, and as the appellant was not bound to convey the land, except upon the precedent condition of A. S. Stembridge paying the money upon the Jolly debt at its maturity, the sale was conditional, and as he failed to comply with this precedent condition, he was entitled to no interest in the land whatever.

Again, in cases of executory sales of land, that is, where the purchaser by the terms of the contract receives a present interest in the land, courts of equity will not ordinarily regard time as of the essence of

the contract; they will not divest the party of his title on the mere ground that he has not kept his contract to the day; but where, as in this case, the contract invests the one party with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such a case, time, in the broadest sense of the rule, is of the essence of the contract, and the failure of such party to comply with its terms deprives him of the right to demand the enforcement of the contract.

The judgment of the lower court is reversed, and the case remanded, with directions for further proceedings consistent with this opinion.