Susie M. Coyle,

*vs.*

Florence Kierski, George Kierski and Newark Trust and Safe Deposit Company.

*New Castle, Dec.* 13, 1913.

A vendee must either perform at the time appointed, or show excuse for delay, to be entitled to specific performance; and hence where a vendee, who had an option to purchase, failed to tender performance at the time fixed, by reason of her negligence and that of her attorney, she is not entitled to specific performance.

While in equity time is not of the essence of a contract, and the mere failure of a purchaser to pay the purchase price at the time fixed does not ordinarily forfeit his rights, yet where the vendor expressly made time of the essence of the contract, and demanded performance on a stipulated day, the vendee's failure to perform will bar her rights, and she cannot thereafter claim specific performance.

Where a vendor of land, on the failure of the purchaser to consummate the contract at the time fixed, notified the purchaser that, unless the purchase was consummated on a given day, the contract would be rescinded, the vendor, upon the purchaser's failure to do so, is entitled to terminate the contract.

Where an owner of land entered into a unilateral contract for its conveyance, the purchaser must tender performance on the date fixed for payment, or within an extension granted by the owner, for the contract is not mutually enforceable.

Bill for Specific Performance of an Agreement for Sale of Land. The suit is by a purchaser of land against the

seller, and a grantee from the seller with notice. Prior to August 9, 1913, there had been a verbal sale of the land for $900 by Mrs. Kierski (the owner of the land) to William M. Coyle, but this was replaced by another agreement made August 9, 1913, evidenced by the following memorandum, signed by Mrs. Kierski and her husband, and delivered to the complainant:

"Newark, Aug. 9–13.

"Received from Susie M. Coyle five dollars in payment on account of purchase of lot Cor. Delaware Ave. and Academy St. balance 995 dollars to be paid Aug. 11th. We agree to deliver said property free from all liens and encumbrances.                 Florence Kierski.
                                                      George Kierski."

There is a conflict of testimony as to the arrangements about the settlement, not stated in the above receipt. For the purchaser it was claimed it was orally agreed that an opportunity was to be furnished for an examination of the title to the property and that the deed showing the title of the seller was not furnished until August 13th, which was after the time fixed for performance by the buyer. For the seller it was testified that when the receipt was given on August 9th the buyer was told that she must be ready on August 11th, and reasons were given for such requirement. On August 9th the purchaser took the receipt to her legal counsel, who had been employed by her probably in June, in order that he might examine the title to the land, but no examination was made, or commenced, until August 14th. On August 10th (which was Sunday) the buyer was told by the seller that the seller would not be ready to comply on August 11th, because the deed, which the seller understood she was to have drawn and executed, would not then be ready, and the seller fixed August 12th, at a certain time and place, for settlement. The buyer did not attend at that time and place, or pay the purchase money, or obtain an extension of time therefor.

Thereafter, on August 12th, the seller drove several miles to the residence of the purchaser and complained of non-performance on her part on August 12th, and gave further notice, fixing 6 o'clock p. m., at a certain place, on August 13th, for a

settlement, with the further notice that unless the land be then paid for the contract would be at an end, and the land would be sold to another bidder therefor. On August 13th the seller was present at the time and place fixed by her for the settlement, with a deed ready for delivery, and with releases of judgment liens against the seller, and the holder of the mortgage on the land for a sum much less than the purchase price was also there ready to receive payment thereof. The seller was then ready and able to perform the contract, and then offered to do so. The buyer, the complainant, was not then present, or ready to perform, but her husband, acting as her agent, was present, as also was her legal counsel. On her behalf they refused to perform at that time by paying the balance of the purchase price. The reason assigned was that a plot of the land which had been promised by the seller to the purchaser had not been furnished until the meeting on the evening of August 13th. After the complainant had failed to perform on August 13th, the land was sold and conveyed on the same evening to the Newark Trust and Safe Deposit Company, one of the defendants, for a sum less than that mentioned in the receipt.

Afterwards, on August 14th, the complainant's counsel examined the title, and on August 17th tendered a deed and a certified check for the balance of the purchase money not covered by the receipt, viz., $980, the sum of $15 having been deducted therefrom because, as the complainant claimed, it had been agreed between the buyer and seller that that sum should be paid by the seller for the cost of the examination of the title.

It was claimed by the complainant that the Newark Trust and Safe Deposit Company bought with notice of her rights, and the prayer was that it be decreed to convey the land to her. For the Newark Trust and Safe Deposit Company it was claimed that though it knew of the offer to sell the property to the complainant, it was informed by the seller before taking title that the contract with the complainant was terminated. For the defendant, Florence Kierski, it was urged that the receipt did not sufficiently describe the premises.

The cause was heard on the bill and answers, and on exhibits proved and testimony of witnesses taken orally before the Chancellor, by agreement of counsel, stenographic notes of the testimony being taken by the Stenographer for the Court of Chancery.

*Wilbur L. Adams*, for the complainant.
*Edward W. Cooch*, for the defendants Kierski.
*Charles B. Evans*, for the defendant, Newark Trust and Safe Deposit Co.

THE CHANCELLOR. The complainant claims as a vendee specific performance of a contract for the sale of land by one of the defendants, her vendor, and has made a co-defendant the grantee of the land, who it is claimed took the conveyance with notice of the complainant's rights. Several points were raised in the case, but it is not necessary to consider all of them. It may be assumed, though not so decided, that the written receipt given by the vendor to the vendee for a small payment on account of the purchase money sufficiently described the premises intended to be sold, and was in other respects sufficient to comply with the statute of frauds; and that the defendant, the grantee of the vendor, had notice of the rights of the complainant, and bought the land at its peril, and, therefore, subject to the right of the complainant to have the land instead of such grantee.

There are, however, valid reasons, based on her own conduct, why the complainant is not entitled to enforce specifically the contract. Though she did not perform the contract according to its terms, in that she did not pay the balance of the purchase money on the day fixed in the receipt, such performance was waived by the vendor, and until 6 o'clock p. m. on August 13, 1913, the vendee was not in default for such non-performance. Upon her failure to perform her part at that time the vendor immediately rescinded the contract and sold and conveyed the land to another person. The failure of the complainant to so perform bars her from the remedy she seeks. It was the duty of the vendee to be ready to perform

on August 13th at 6 o'clock p. m. A vendee must either perform at the time appointed, or show sufficient excuse for any delay, and in general must show himself to have been "ready, desirous, prompt and eager" to perform on his part. This has frequently been stated by the courts of this State and elsewhere. *Kinney v. Redden, et al.*, 2 *Del. Ch.* 46, 52, 54; *Wilkins v. Evans*, 1 *Del. Ch.* 156, 165; *Maxfield v. Terry*, 4 *Del. Ch.* 618.

It is also equally well settled that, generally, time is not in equity of the essence of a contract, and the mere failure of the vendee to pay the purchase price at the time fixed in the contract does not forfeit his rights. But time may be made essential by agreement, or by implication from the circumstances under which the contract is made. There is testimony to show that the vendor at the time the contract was made gave reasons, sufficient to her, why prompt payment was required. The vendee was thereafter bound to diligence proportionate to the circumstances. It may be that time was so made of the essence of the contract, though such a provision was not incorporated in the receipt given by the vendor, but it is not necessary to so hold. It is true, generally, that as against a non-performing vendee interest on the purchase money is deemed an equivalent for such default. But it is not necessarily true. There may be reasons, sufficient to the seller, why prompt payment must be made. He may have had a special use for the money at that time, or other offers for the property, which he might lose with no remedy against the vendee in a unilateral contract, either in the way of damages for non-performance, or by a decree for specific performance by the vendee. The court is not at liberty to revise the contract, or speculate on, or contravene the intentions or purposes of one who sells his land. Nor can it substitute for his its judgment as to the sufficiency of his reasons for requiring payment for his land to be made at a certain time, or in a certain method. He can waive his rights to a prompt payment, but the court should not waive them for him, on the ground that the reasons he gives therefor are considered by the court to be insufficient.

Assuming, however, that time was not of the essence of

the contract, the complainant has not shown herself to have been reasonably diligent in performing her part. The only excuse for her failure to perform, either on August 11th, 12th, or 13th, or before August 17th, was because an examination of title had not been made, and because a certain plot of the land had not been supplied by the vendor until August 13th. These reasons are clearly inadequate to justify her delays. In June she had employed counsel to examine the title and he had ample opportunity to make the examination, which was not in fact begun until August 14th. There is no evidence that the plot was necessary to such examination, or that there was not of record all the information needed for the purpose. Even after August 9th and before August 13th at 6 o'clock p. m., the examination might have been made, for the legal counsel of the vendee had on August 9th, in his possession, the receipt of the vendor. Independent of other considerations, to be considered later, the vendee has not been punctual, or reasonably ready.

There is a further reason why the complainant is not entitled to the relief. Even though time of performance be not essential, still where the vendee fails to perform on the day fixed for performance by him, and the vendor notifies the vendee that unless he perform his part within a reasonable time, stated in the notice, the contract will be terminated, then upon the failure of the vendee to perform within such specified time, the vendor may then terminate the contract and the vendee's right thereunder be ended. 3 *Pomeroy's Equity Jurisprudence*, §1408, *note and cases cited;* 36 *Cyc.* 714; 2 *Story's Equity Jurisprudence*, 776; *Rogers v. Saunders*, 16 *Me.* 92, 33 *Am. Dec.* 635; *Wiswall v. McGowan, et al., Hoff. Ch.* (*N. Y.*) 125. The principle is thus stated by Story:

" * * * If time is not originally made by the parties of the essence of the contract, yet it may become so by notice, if the other party is afterwards guilty of improper delays in completing the purchase."

The reasonableness of the time depends on the circumstances of each case, and is to be judged as of the date when given. It is also said that notice must be explicit to the effect

that the contract will be terminated if not completed within the time set. *Reynolds v. Nelson*, 6 *Madd.* 60 (56 *Eng. Reprint* 817). Even if the time be unreasonable, the giving of the notice imposes on the vendee a duty to act promptly. *Chabot v. Winter Park*, 34 *Fla.* 258; 15 *South.* 756, 43 *Am. St. Rep.* 192; *Rogers v. Saunders*, 16 *Me.* 92, 33 *Am. Dec.* 635. Notice was given by the vendor to the vendee on August 11th and again on August 12th that the failure of the vendee to pay the purchase money would cause a termination of the contract. Under the circumstances such notice was reasonable and at least imposed on the vendee the duty to extra diligence. Therefore, because of the notice and her failure to perform according thereto, the vendor had a right to terminate the contract on August 13th.

It is also urged by the defendant that the receipt constituted a unilateral contract, binding only on the vendor and not on the vendee, and the latter was therefore bound to be ready on the date fixed for payment by her, or, at least, at the subsequent date fixed by the indulgence of the vendor. There are authorities which hold that time is essential where there are not mutual remedies, or the contract is unilateral; as for instance, where the contract is signed only by the person to be charged. Here the other party is not bound, and there is some reason for holding that the one not bound must fulfill on his part according to the contract. *Pomreoy's Equity Jurisprudence*, §1048, *and note; Fry on Specific Performance*, §733; *Brooke v. Garrod*, 3 *Kay & J.* 608; *s. c.* 2 *De G. & J.* 62; *Austin v. Tawney*, L. R. 2 *Ch.* 143; *Potts v. Whitehead*, 20 *N. J. Eq.* 55; *Jones v. Noble*, 66 *Ky.* (3 *Bush*) 694; *Mason v. Payne*, 47 *Mo.* 517; *Estes v. Furlong*, 59 *Ill.* 298, 300; *Stembridge v. Stembridge's Adm'r.*, 87 *Ky.* 91, 7 *S. W.* 611; *Harding v. Gibbs*, 125 *Ill.* 85, 17 *N. E.* 60, 8 *Am. St. Rep.* 345; *Magoffin v. Holt*, 62 *Ky.* (1 *Duv.*) 95; *Keffer v. Grayson*, 76 *Va.* 517, 44 *Am. Rep.* 171; *Bodine v. Glading*, 21 *Pa. St.* 50, 59 *Am. Dec.* 749; *Phipps v. Munson*, 50 *Conn.* 267; *Clarno v. Grayson*, 30 *Or.* 111, 46 *Pac.* 426; *Westerman v. Means*, 12 *Pa. St.* 97; *Miller v. Cameron*, 45 *N. J. Eq.* 95, 15 *Atl.* 842, 1 *L. R. A.* 554.

The principle seemingly established by these and other

cases seems to be reasonable. At least it is true that in cases of unilateral contracts the party not bound thereby is held strictly to extreme diligence in performing the contract. In the case under consideration such diligence is clearly wanting, without sufficient excuse or justification therefor. It is not meant, however, that the contract is not enforceable because of a want of mutuality, for if the vendee had performed her part, she would have been entitled to enforce her right under the contract, even though not bound to perform on her part. *Matthes v. Wier*, *ante p.* 63, 84 *Atl.* 878. Inasmuch, however, as part of the purchase money has actually been paid, the complainant is entitled to have it repaid to her.

For the reasons above stated, the bill must be dismissed, and the costs imposed on the complainant, but on application of the complainant the decree will contain a provision that it will not be effective as to Florence Kierski until she has repaid, or tendered, to the complainant the portion of the purchase money paid by the complainant.