### HOLMES JONES,

*vs.*

### JOSEPH L. CARPENTER, JUNIOR, AND OTHERS.

*New Castle, Jan.* 13, 1921.

In a suit for the enforcement of rights acquired under a written agreement by a defendant to sell and convey land to complainant, allegations of the bill setting forth transactions respecting the land which took place before title was vested in a defendant will be stricken as impertinent, being immaterial to the issue.

The vendee of land who has only an option to purchase is not entitled to enforce specific performance if he has failed to preform or tender performance at the time fixed therefor in the contract, or within a valid extension of the time for such performance.

In suit for specific performance of contract to sell and convey land, allegation of the bill that a defendant duly extended performance of the contract between him and complainant to a date after the doing of the wrongful act hereinafter alleged, and that at no time was the agreement terminated or canceled, *held* insufficient as an excuse for complainant's failure to perform or tender performance.

The Statute of Frauds cannot be set up as a valid defense by demurrer unless it appears affirmatively in the bill that the agreement sought to be enforced was not in writing.

MOTION TO EXPUNGE FROM BILL CERTAIN ALLEGATIONS. The purpose of the bill was to compel conveyance of real estate which complainant had contracted to purchase from Joseph L. Carpenter, Jr., one of the defendants, and which had subsequently been conveyed to Joseph A. Vogel Company. Allegations were made in the bill respecting the land prior to the making of the contract with the complainant, and the persons and corporations having any interest in the land, either prior or subsequent to the contract, were made parties. The facts necessary for the decision of the motion are set forth in the Chancellor's opinion.

*Holmes Jones*, in pro. per.

*David J. Reinhardt*, for Joseph L. Carpenter, Jr., and others.

*Clarence A. Southerland* and *Daniel O. Hastings*, for Joseph A. Vogel Company.

THE CHANCELLOR. A motion has been made by Joseph L. Carpenter, Jr., one of the defendants, to expunge certain allegations of the bill. The sole basis for equitable relief is the rights, if any, acquired under a written agreement of Joseph L. Carpenter, Jr., dated June 10, 1919, to sell and convey to the complainant a certain block of land upon certain terms.

It appears by the bill that at the time of making the contract the legal title to the premises, with other property, was vested in the Equitable Trust Company, one of the defendants, and was held by it in trust in substance for Joseph L. Carpenter, Jr., and to convey the same by his direction. The Equitable Trust Company, as is charged, had notice of the agreement, and, therefore, upon request of Carpenter it was bound to convey to the complainant the land bought under the agreement above mentioned. The bill alleges defaults of Carpenter and the Equitable Trust Company to carry out the contract, and the conveyance of the premises to Fidelity Real Estate Development Company, and by it to Joseph A. Vogel Company, all of whom had notice of the complainant's rights. These conveyances are all alleged to be fraudulent and void. Among other things, the bill prays that the conveyances to Fidelity Real Estate Development Company and to Joseph A. Vogel Company be declared null and void, and that a conveyance be made to the complainant of the land he purchased from Carpenter.

In addition to the above, there are numerous paragraphs in the fore part of the bill touching the title of the Equitable Trust Company to the land, charging fraud and misconduct in some of the dealings respecting the land by prior owners thereof, and the settlement between all of the persons interested of their differences. From the bill, therefore, it appears that at the time of the filing of the bill no other persons than Joseph L. Carpenter, Jr., the Equitable Trust Company and the complainant had, or have, or claim to have, any estate or interest in the land covered by the contract between the complainant and Carpenter. If this is not a fair conclusion from the statements in the bill then the complainant may clarify them.

It is urged by some of the defendants that some of the allega-

tions of the bill are scandalous and impertinent, and a motion to strike them out has been made and argued.

Inasmuch as by the allegations of the bill the transactions set forth therein respecting the land, which took place prior to the time when the title was vested in the Equitable Trust Company are now clearly immaterial to the issue in the case, they come within the reproach of impertinence, and as proof would not be admitted as to them, they should be stricken from the bill on the motion of a defendant made before answer. This applies to all the paragraphs of the bill numbered 1 to 25, inclusive, and they will be stricken from the bill. There are other allegations in subsequent paragraphs subject to the same objection, but as they cannot be separated from the unobjectionable allegations, no order will be made respecting them. The complainant may choose to amend his bill, but if the objectionable allegations remain, proof thereof will not be permitted and they will be ignored.

There is also a motion by Joseph L. Carpenter, Jr., pending to strike out of the bill some allegations as scandalous. Some occur in the paragraphs which will be stricken out. Other scandalous matter will be stricken out of certain paragraphs which remain, viz. those in paragraphs 27 and 31, as shown by the motion filed in the cause, and an order will be made expunging them from the bill.

Demurrers to the bill have been filed by some of the defendants. Some of the causes of demurrer have already been disposed of. The complainant pursuant to leave granted has sworn to the bill in proper from. The objection that the bill was not signed by a solicitor of this Court but only by the complainant appearing *in propria persona* was overruled because it was not deemed fair to enforce in this case a practice to that effect. This disposition of this important objection to the bill is not based on the merits of the question as to the necessity of a signature of counsel, and is not to be considered as a precedent.

Another ground of demurrer is that there is no allegation in the bill of a tender by the complainant of performance on his part, either by the bill or prior to the filing thereof. It is true in general that vendee of land who has only an option to purchase is not entitled to enforce specific performance if he has failed to

perform, or tender performance, at the time fixed therefor in the contract, or within a valid extension of the time for such performance. *Coyle v. Kierski*, 10 *Del. Ch.* 229, 89 *Atl.* 598. The bill contains an allegation that Joseph L. Carpenter, Jr., duly extended performance of the contract between him and the complainant "to a date after the doing of the wrongful acts hereinafter alleged, and at no time was said agreement terminated or canceled." The meaning of this statement is not clear, and the defendants claim that it is only a statement of a conclusion of law. As an excuse for failure to perform, or tender performance, it is not sufficient, and the demurrer thereto is well taken. Leave to amend the bill will be given on application, in order that the allegation may be clarified.

The remaining question is raised on behalf of the Landlith Improvement Company. It is alleged in the bill that the company, owning the bed of certain streets bounding the land bought of Carpenter, agreed to execute a deed to the complainant therefor, the complainant was given the right to grade the roadbeds by removing the earth therefrom, and that he entered upon the streets and graded them to some extent. The prayer is that the company be required to make the conveyance. The argument is that it does not appear that the agreement was in writing, and that, therefore, the Statute of Frauds is a bar to relief. Also that it does not appear that the alleged agreement to extend the time for performance of the agreement of June 10, 1917, beyond December 10, 1919, was in writing. The Statute of Frauds cannot be set up as a valid defense by demurrer unless it appears affirmatively in the bill that the agreement was not in writing. *Whiting v. Dyer*, 21 *R. I.* 85, 41 *Atl.* 895. The demurrer will be overruled because it does not appear by the bill that the Statute of Frauds is applicable to the agreement of the Landlith Improvement Company to sell to the complainant the beds of the streets.

An order will be entered in accordance with this opinion.