MAHLON B. FOSTER *vs.* THE NEWPORT NATIONAL BANK, a corporation of the United States of America.

1. CONTRACTS—VENDOR AND PURCHASER—RECEIPT HELD MERELY AN OFFER TO SELL LAND, NOT BINDING BEFORE ACCEPTANCE, BEING UNILATERAL, NOT BILATERAL.

A receipt for $50 as received on account of the purchase of certain land on specified terms, signed by the seller alone, *held* not a sale or contract of sale, but simply a continuing offer of sale, giving the purchaser at most a right to purchase within a reasonable time in the future, and was unilateral, not bilateral, in its operation.

2. VENDOR AND PURCHASER—WHERE OFFER OF SALE DID NOT SPECIFY TIME, PLAINTIFF OBLIGATED TO ACCEPT WITHIN A REASONABLE TIME.

Where the transaction was not a sale or a contract of sale, but simply a continuing offer of sale, in which time was not of the essence, no time being fixed, it was incumbent on the plaintiff to accept within a reasonable time from the execution and delivery of the writing.

3. VENDOR AND PURCHASER—UNREASONABLE DELAY IN EXERCISING OPTION TERMINATES IT.

If there is unreasonable delay in acceptance and tender of performance by purchaser under an option contract, neither the return of the money paid by the purchaser on account of the purchase price nor the tender of a deed is a condition precedent to the vendor's right to withdraw his offer of sale, provided the vendor's written notice, calling on the purchaser for compliance, is reasonable in fixing time for compliance.

(*May* 17, 1921)

BOYCE, J., sitting.

*Herbert H. Ward, Jr.* (of Ward, Gray and Neary) for plaintiff.

*Sylvester D. Townsend, Jr.* and *David J. Reinhardt* for defendant.

Superior Court for New Castle County, March Term, 1921.

SUMMONS CASE, No. 130, September Term, 1919.

Action by Mahlon B. Foster against the Newport National Bank. On special demurrer to each of the nine amended pleas filed. Demurrer sustained to the third and tenth pleas, and overruled as to the remaining seven.

This action was brought to recover damages for an alleged breach of contract to convey certain properties, situate in the city of Wilmington, to the plaintiff, which he claimed to have purchased from the defendant.

The plaintiff declared in one count, as amended, on a certain writing, which he brought into court, and which was in words and figures, as follows, to wit:

"Wilmington, Del., August 23, 1916.

"Received of M. B. Foster, fifty dollars ($50.00) on account of properties on Fourteenth street, Locust street, Church street and Brandywine river, being the same properties formerly owned by Frank B. Foster, William Achilles,

Standard Fuel Company and Warner Coal Company, all situate in the city of Wilmington, Del. The total price for these properties to be eighty-five hundred dollars ($8,500.00) for which we are to take a mortgage for seventy-seven hundred and fifty dollars ($7,750.00) and the balance of seven hundred dollars ($700.00) to be paid upon delivery of the deed.

"The Newport National Bank,

"[Signed] JOHN A. CRANSTON,

"Vice President."

By which writing it was alleged that the defendant agreed and undertook, and then and there faithfully promised the said plaintiff, in and for the consideration of $50, to sell to the said plaintiff the property mentioned in the agreement above set forth, for $8,500, and to take a mortgage for $7,750, with the understanding that the balance of $700 was to be paid to the said defendant upon the delivery of the deed; and the plaintiff alleged that he did, on or about January 29, 1917, make a written tender of a deed of said property to the said defendant for execution, in pursuance with said agreement, and did tender in writing to said defendant the balance of the purchase money, namely, $700, agreed as aforesaid to be paid upon the execution of the said deed, and that although the said plaintiff has performed everything that he was bound by said agreement to perform, or has tendered performance of everything that he was bound by said agreement to perform, yet the said defendant, not regarding its agreement, etc., hath not, etc., at, etc.

The common counts were added. And there was attached to the amendment of the count, a copy of the alleged written tender of deed and payment, which was made a part of said count, as follows:

"January 29, 1917.

"Mr. John Cranston, c/o Newport Nat'l Bank, Newport, Del.—Dear Mr. Cranston: As you were not at your office to-day, I am sending you, inclosed, the deed for the property from the bank. If you will have the deed executed and bring it in with you, I will hand the mortgages and the money to you to complete the transaction per agreement. The property will very shortly, I believe, be transferred to a corporation and I would like to have the privilege of substituting their mortgage for the ones given now.

"With kindest regards to all the board, which, of course, includes yourself, I remain,

"Yours respectfully."

By leave of the court, the defendant filed substituted pleas to the amended declaration, to wit: (1) Nonassumpsit; (2) statute of limitations; and nine additional pleas, 3 to 11, inclusive, to which last pleas the plaintiff filed 14 special causes of demurrer.

The third and tenth pleas were admittedly bad, because they each contained new matter, concluding to the country and not with a verification. 1 *Chit. Pl.* * 475-6, *477; *Steph. Pl.* *233.

In the fourth plea there is a denial of tender of deed on or about the 29th day of January, A. D. 1917, or at any other time, for execution in pursuance of said agreement as alleged in the amended count in the declaration, wherefore and by reason whereof it is averred that said agreement became absolutely void and was not in force at the time of the institution of the suit.

In the fifth plea there is a denial of any tender of $700, the balance of said purchase money, with the averment that by reason whereof, the agreement became absolutely void, etc.

The sixth and seventh pleas are alike, except, in the sixth plea, it is averred that the plaintiff did not perform, and, in the seventh, did not tender performance of anything he was bound to perform by said agreement, with the allegation that by reason whereof the same became absolutely void, etc.

The averments in the eighth plea are a combination of the averments in the fourth and fifth pleas, with the additional allegation that the plaintiff has not at any time performed anything that he was bound by said agreement to perform, and has not at any time tendered performance of anything he was bound to perform, and that the agreement became absolutely void, etc.

The ninth plea is very like the eighth, except in the further allegation that by reason of said lapse of time, the agreement became absolutely void, etc.

In the eleventh plea it is averred:

That the plaintiff ought not to have, etc., for the reason that the said several promises and undertakings in said amended declaration mentioned were to be performed by said plaintiff on his part and by said defendant on its part within a reasonable time after the making thereof and that the period of time from the date

of said agreement, to wit, the 23d day of August, 1916, to the 8th day of January, A. D. 1917, was a reasonable time within which to keep and perform the said several promises and undertakings by said plaintiff and by said defendant to be kept and performed.

That under date of January 2, 1917, the defendant sent to the plaintiff by United States mail, properly stamped and addressed, a certain letter terminating said contract and reading as follows:

"Wilmington, Delaware, January 2, 1917.

"Mr. Mahlon B. Foster, 2703 Tatnall Street, Wilmington, Delaware—Dear Sir: On August 25, 1916, we received from you fifty dollars ($50.00), which was to be on account of properties on Fourteenth street, Locust street, Church street, and Brandywine river in this city, and you promised the writer that the deal would be closed in a very short time. We have waited now over four months for sale to be consummated and we are not willing to wait any longer. You will therefore consider the option given you to purchase said property closed after next Monday, the 8th instant.

"Very truly yours,
"Newport National Bank,
"[Signed] JOHN A. CRANSTON,
"Vice President."

That said plaintiff failed and neglected to perform or tender performance of any of the said several promises and undertakings by him to be performed within said reasonable time after the making thereof, during all of which said last-mentioned time said defendant was ready and willing to perform the said several promises and undertakings by it to be performed, and by reason of failure and neglect of said plaintiff to perform his said several promises and undertakings as aforesaid during the said reasonable period of time last aforesaid the said contract or agreement mentioned in said declaration, to wit, on the 8th day of January, A. D. 1917, and long prior to the commencement of this suit, terminated and became, was and has ever since continued to be null and void, etc. This plea concluded with a verification and prayer for judgment.

The causes of demurrer, combined here for brevity, were that the failure of the plaintiff (a) to tender a deed; (b) to tender balance of the purchase money; (c) to perform anything he was bound by said agreement to perform; (d) to tender performance

of anything he was bound by said agreement to perform; (e) to tender a deed, or to tender balance of said purchase money, or any other sum of money as was agreed to be paid upon the execution of said deed, or, at any time, to perform anything that he was bound to perform, or, at any time, to tender performance of anything he was bound to perform—would not render the contract void and of no force, as alleged in said amended fourth, fifth, sixth, seventh, eighth and ninth pleas respectively.

The objections to the eleventh amended plea were (a) that the letter set forth in said plea could not operate as a rescission of the contract; (b) that the contract relied upon by the plaintiff could not, by anything alleged in said plea, become void and of no force.

It was contended for the plaintiff that there can be no rescission of the agreement sued on, based upon any reason set up in the said several pleas, because the agreement is a contract of sale of land, and not a mere option, for the vendor is bound to convey to the purchaser upon the terms of the contract agreed upon, and the purchaser is bound to the purchase; that an option is merely an offer made by the vendor, which in some cases is revocable, and in others irrevocable, but which becomes a contract of sale upon the acceptance by the purchaser; that the contract sued on does show that it is not an offer which will become a contract only by acceptance on the part of the buyer, but it is a complete contract of sale, in which the terms are all settled and the only thing that remains to be done, is a tender of deed by seller and a signing of mortgage and payment of the balance of the purchase money on the part of the buyer.

It was pointed out that the contract before the court sets no limit of time within which performance must be made, followed by a discussion of contracts, with citations, in which time is, or is not, of the essence in determining the right of rescission of the particular contract.

It was said that in an agreement where the purchaser undertakes to make payment of the purchase money at the time stipulated as a condition to the continuance of his right, time is of

the essence of the contract, but in this case no time of performance was stipulated, and it is not a case when time is of the essence, and that the agreement sued on is not an option. *Ellis v. Bryant*, 120 *Ga.* 890, 48 *S. E.* 352; *Barnard v. Lee*, 97 *Mass.* 92, 94; *Decamp v. Feay*, 5 *Serg. & R. (Pa.)* 323, 9 *Am. Dec.* 372. That in this case the seller could not rescind the contract, except in case of gross laches in respect to the time of performance; for the contract is not one in which time is of the essence, and one in which there were no gross laches, and therefore, the agreement did not end by mere passage of time.

The seller cannot rescind for want of performance by buyer before tendering a deed to buyer and demand performance, and then only in case of gross laches. *Kessler v. Pruitt et al.*, 14 *Idaho*, 175, 93 *Pac.* 965; *Cranwell v. Clinton Co.*, 67 *N. J. Eq.* 540, 58 *Atl.* 1030; *Leaird v. Smith*, 44 *N. Y.* 618; *Lombard v. Speer*, 37 *Miss.* 170; *Flandrau v. Albanesius*, 63 *N. J. Eq.* 800, 54 *Atl.* 1124; *Burton v. Adkins*, 2 *Del. Ch.* 125.

If payment and giving of the deed are concurrent, as they are in this case, for the words "balance of seven hundred dollars to be paid upon delivery of the deed" mean, at least, this, the seller cannot rescind for nonpayment of the purchase money, unless he tenders a deed in accordance with the provisions of the contract, and demands performance of the purchaser. *Melick v. Cross*, 62 *N. J. Eq.* 545, 51 *Atl.* 16; *Boone v. Templeman*, 158 *Cal.* 290, 110 *Pac.* 947, 139 *Am. St. Rep.* 126; *Peck v. Brighton Co.* 69 *Ill.* 200.

The words "balance of seven hundred dollars to be paid upon delivery of the deed" cannot be construed to mean that payment was a condition precedent to delivery of deed.

The vendor, in order to rescind, must restore or tender to purchaser what he has received thereunder as a condition precedent to his right to rescind. *Anderson v. Haskett et al.*, 45 *Iowa*, 45; *Evans v. Bentley*, 9 *Tex. Civ. App.* 112, 29 *S. W.* 497, 36 *S. W.* 1070; *Kelley v. Owens*, 120 *Cal.* 502, 47 *Pac.* 369, 52 *Pac.* 797; *Lytle v. Scottish Amer. Mortg. Co.*, 122 *Ga.* 458, 50 *S. E.* 402; *Smith v.*

*Brittenham*, 109 *Ill.* 540; *Merrill v. Wilson*, 66 *Mich.* 232, 33 *N. W.* 716.

This rule applies, irrespective of the grounds for rescission.

In the case of *Coyle v. Kierski et al.*, 10 *Del. Ch.* 229, 89 *Atl.* 598, time was fixed in the contract for performance by buyer, but not so in this case; the balance of payment, etc., were to be made and performed upon the delivery of the deed. No deed was delivered, and the decision made in the Coyle Case is inapplicable to this case. Such notice as the letter set up in the eleventh plea pretends to be, is not sufficient to rescind the contract; for in it there is no tender back of part payment made. Taking the contract at its worst construction, it is one in which payment and the giving of a deed are concurrent, and in such a situation tender of deed is a condition precedent to rescission.

Our contention is that the contract sued on is not one in which time is of the essence, and it cannot be rescinded in the absence of gross laches.

For the defendant it was insisted that the contract sued on is what is known in law as an option contract, and it is not a contract of sale. *James on Opt. Contr.* §§ 101, 102.

Unless the contract contains language which may reasonably be construed as an agreement on the part of the vendee to purchase the property, or to assume some obligation thereunder, it will be held to be an option contract and not an agreement of sale and purchase. A contract of sale creates mutual obligations on the part of the seller to sell and on the part of the purchaser to buy while an option gives the right to purchase, within a limited time, without imposing any obligation to purchase. *James on Opt. Contr.* § 105.

The mere fact that the initial payment is to be applied upon the purchase price does not change the character of a contract, otherwise a mere option. *Land. Co. v. Vaughan*, 33 *Cal. App.* 130, 164 *Pac.* 610. The fact that a memorandum of agreement stipulates no specific time for performance is a circumstance strongly indicative that it is not an executory contract of sale, conveying

an equitable title. *Stone v. Snell*, 77 *Neb.* 441, 109 *N. W.* 750; note 3 *A. L. R.* 576.

The contract sued on is only signed by the defendant, and not by the plaintiff. There is nothing in the instrument which binds the plaintiff to take the properties, or make payment for them. There is no time set when the terms were to be carried into effect. The plaintiff merely paid $50 and obtained thereby the right to purchase the properties upon the terms and in the manner mentioned. *Coyle v. Kierski*, 10 *Del. Ch.* 229, 89 *Atl.* 598.

BOYCE, J., delivering the opinion of the court:

[1] The writing upon which this action is based was not signed by the plaintiff, and it in no way possesses any of the elements of a binding agreement upon him. There is nothing in the written instrument, according to its terms, which makes it obligatory upon the plaintiff, unless and until, at a future time, he elects to accept and perform. The writing fairly construed shows that it was to become a binding agreement for the sale and purchase of real estate only upon acceptance by the plaintiff. The transaction between the parties was not a sale, or a contract of sale. It was simply a continuing offer of sale. The defendant did not by signing and delivering the writing sell its properties. Neither did the plaintiff, by reason of anything contained therein, purchase the properties. He was only, at most, invested with a right to purchase them upon specified terms, within a reasonable time in the future, no time being fixed during which the right should be exercised. Whatever binding force there was 'in the writing, signed by the defendant, it was only on one side— unilateral, not bilateral. The defendant was at most, only bound to sell upon compliance with the terms within a reasonable time, and before the offer was withdrawn, if not seasonably accepted. But the plaintiff was not bound to buy, and not until his acceptance and tender of compliance with the terms of the offer could a complete binding contract arise, entirely mutual between the parties, and enforceable either at law for the recovery of damages, or in equity for specific performance.

[2] No time of performance was stipulated in the writing,

and the case presented is not one where time is of the essence of any undertaking, except in so far as the subsequent notice to the plaintiff for compliance made time of the essence. Independent of this notice, calling on the plaintiff for compliance, the fact that no time was specified in the original writing for compliance, made it incumbent upon the plaintiff to accept within a reasonable time from the execution and delivery of the writing.

[3] The weight of authority in this country seems to be to the effect that the deed must be prepared by the vendor in the absence of a stipulation to the contrary. 29 *Am. and Eng. Ency. of Law*, 698. If, however, there was unreasonable delay in complying with the terms of the offer, revocation of the offer could be made without tender of deed and demand of performance by the vendor. If there was unreasonable delay in acceptance and tender of performance, the return of the money paid on account of the purchase price was not a condition precedent to the right of the vendor to withdraw his offer of sale. If the subsequent written notice, calling upon the plaintiff for compliance, was reasonable in fixing time for compliance, neither tender of deed, nor of the money received in part payment of the purchase price, was necessary before revocation of the offer of sale.

*Coyle v. Kierski et al.*, 10 *Del. Ch.* 229, 89 *Atl.* 598, referred to by counsel in their arguments, was a suit by the alleged purchaser for specific performance. The writing which was the basis of the suit was very similar to the writing in this case and was signed by the owners only. Time for performance was specified, but not complied with. There was a subsequent notice to the purchaser. Specific performance was not decreed. The conclusions reached in this case are, in the opinion of this court, in harmony with the decision of the Chancellor on the main questions in the case before him.

Under the facts of this case, in so far as they are disclosed by the pleadings, the court, after a careful consideration of the arguments, is constrained to hold the several amended pleas (except the third and tenth) good, and to overrule the demurrer as to each of them. The demurrer as to the third and tenth pleas is sustained.