ITALO CHARAMELLA et al.,
Appellants,

*vs.*

BARLEY MILL ROAD HOMES, INC.,
Appellee.

*Supreme Court on Appeal, May 19, 1958.*

*Carroll F. Poole,* Wilmington, for appellants.

*David Snellenburg, II,* Wilmington, for appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

WOLCOTT, Justice: This is appeal from a judgment of the Court of Chancery decreeing specific performance of a contract for the purchase of land and denying a counterclaim by defendants for the return of their deposit.

The plaintiff, a corporation, is in the business of developing and selling real estate and, as such, was developing a tract of land near Wilmington. On August 19, 1955, it entered into a written agreement for the sale of two lots in the development to defendants. Defendants made a deposit of $1,400 which was to be ultimately credited on the purchase price of $14,000 at the time of final settlement.

The agreement required plaintiff to convey the lots free and clear of all encumbrances and restrictions, and further provided:

"and the said parties hereby bind themselves, their heirs, executors, administrators or assigns, for the faithful performance of the above agreement within 90 days from the date hereof, said time to be the essence of this Agreement, unless extended by mutual consent in writing endorsed hereon."

The 90-day period provided for in the agreement expired on November 19, 1955.

Defendants retained counsel to make a title search. On October 6, 1955 he wrote plaintiff to the effect that defendants would be ready to settle under the agreement in about two weeks from that date. In

this letter, however, defendants' counsel called plaintiff's attention to the fact that surveyor's markers had not been placed on the land as required, and objected to a condition resulting in the improper drainage of water from waste pipes leading from adjacent land. He stated that defendants would not make final settlement under the agreement until these matters had been corrected. He also pointed out that plaintiff had agreed with defendants to remedy these matters.

No reply to the letter of October 6 was ever received from plaintiff.

On October 12, 1955, defendants' counsel wrote plaintiff's attorney, stating that the title search was about complete and settlement could be made at almost any time. He called the attention of plaintiff's attorney to the absence of surveyor's markers and the water drainage, enclosing a copy of his letter of October 6 and, again, requested the remedying of these matters before final settlement.

No reply to the letter of October 12 was ever received.

Again, on October 21, 1955, defendants' counsel wrote plaintiff calling attention to his letter of October 6 and asking for a reply. A copy of the letter of October 21 was also sent to plaintiff's counsel.

No reply to the letter of October 21 was ever received.

On October 27, 1955, defendants' counsel again wrote plaintiff calling attention to his prior letters of October 6 and 21, and specifically calling attention of plaintiff "to the fact that the agreement of sale calls for settlement * * * on or before November 19, 1955."

Thereafter, some time between October 27 and November 9, 1955, plaintiff's attorney verbally assured defendants' counsel that the two matters originally mentioned in the letter of October 6 would be corrected.

Prior to this conversation, counsel for defendants had forwarded to plaintiff's attorney a deed to be executed by plaintiff.

Thereafter, prior to November 19, 1955, neither the defendants nor their counsel heard anything from plaintiff or its attorney regarding either the execution of the deed, or the correcting of the conditions existing on the land.

Final settlement under the agreement of sale was not held on November 19, 1955.

Thereafter, but at some time prior to November 28, 1955, defendants' counsel was informed over the telephone by plaintiff's attorney that the deed had been executed by plaintiff and that the plaintiff was ready for final settlement. At that time plaintiff's attorney was informed that since the settlement date had passed without final settlement, defendants were relieved of their obligation to purchase the land.

On November 28, 1955, defendants' counsel in writing informed plaintiff of the decision of defendants not to purchase the land, and requested return of the deposit of $1,400 which had been made at the time of signing of the contract. On December 8, 1955 defendants' counsel again in writing demanded of the plaintiff the return of the $1,400 deposit.

No answer was made by the plaintiff to the defendants' demand except that some time between December 22, 1955 and March 2, 1956, plaintiff's attorney negotiated toward a possible settlement of the dispute between the parties. Settlement negotiations were fruitless and, on April 17, 1956, the defendants filed an action in Superior Court for the recovery of the deposit. Thereafter, on June 8, 1956, plaintiff instituted this action in the Court of Chancery for specific performance of the contract of sale.

Upon these facts, the Vice-Chancellor gave judgment for the plaintiff upon the theory that the failure of defendants to insist from the outset upon the faithful performance of the covenant of the contract making time of the essence of the agreement amounted to a waiver on the part of the defendants of the benefit of that covenant. The Vice-Chancellor stated his holding in the following language:

> "If the formal contractual provision as to time was originally operative, defendants by their attitude and demands in effect waived their rights to insist on strict compliance with such provision."

The Vice-Chancellor accordingly ordered specific performance upon the condition that plaintiff remove from the land a pipe and ditch used for the water drainage, which he characterized as an easement.

From this judgment, the defendants appeal, taking the position that the covenant in the contract of sale regarding time of settlement specifically makes that time of the essence of the agreement, the passage of which without final settlement made the contract a nullity.

The question presented for the decision of this court is whether or not the defendants are bound by contract for the purchase of this land when the settlement date called for by the contract has passed without the tender of a deed by the seller, even though the settlement time was expressly declared in the contract to be of the essence of the agreement.

This case is not one where time of performance of a contract is held to be of the essence of the agreement by reason of special circumstances which demonstrate that the purchaser or seller intended the sale to be consummated by a certain time or not at all. Cf. *Coyle v. Kierski*, 10 *Del.Ch.* 229, 89 *A.* 598; *Kittinger v. Rossman*, 12 *Del.Ch.* 276, 112 *A.* 388. In such cases it is perhaps proper for a court to examine the conduct of the parties prior to the settlement date to deter-

mine whether they intended the settlement time as an essential part of the agreement.

But this contract, itself specifically provides that the time of settlement shall be of the essence of the agreement and, accordingly, the surrounding circumstances are ordinarily immaterial in excusing the seller's delay in tendering performance on or before the specified date. *Wells v. Lee Builders, Inc.,* 33 *Del.Ch.* 315, 99 *A.2d* 620 We think this rule is particularly applicable when the written agreement also provides specifically for the manner for extending that time. It is to be noted that in the contract before us not only was the settlement time expressly declared to be of the essence of the agreement, but any extension of that time was expressly required to be made by mutual consent in writing endorsed on the agreement itself.

It is true, however, that even when the time of settlement is made expressly of the essence of the agreement, timely performance by the seller may be excused if the purchasers, by their conduct, have prevented the seller from performing, or have misled him into non-performance. *Wells v. Lee Builders, Inc.,* supra.

In our opinion, there are no facts in this record justifying the relief of this plaintiff from the effect of the rule requiring performance by it of the express terms of the contract requiring settlement on a specific date. On the contrary, we think the opposite is the fact. By a series of letters, defendants, through their counsel, repeatedly called attention to the settlement date and, as far as the record shows, indicated that they expected settlement to be by that date.

We think that the insistence of the defendants upon the removal of the drainage condition did not excuse the plaintiff from its duty to proffer timely settlement. It does not appear that the plaintiff protested that it was under no duty to remove the conditions. Indeed, it would seem that the plaintiff acquiesced in the defendants' demand in this respect. The Vice-Chancellor seems to have had the view that it was in fact the duty of the plaintiff to remedy the drainage problem. This seems apparent by his inclusion in the judgment decreeing specific performance of the condition that the drainage easement in the lands

in question be eliminated. If it were in fact an easement, a point not argued before us, then it is apparent that the plaintiff could not have conveyed title on the prescribed settlement date free of all encumbrances as it was bound by contract to do. Admitting this, it at once becomes apparent that the defendants did nothing to prevent timely performance by the plaintiff. The most defendants did was to demand that which they were entitled to under the agreement. To regard such insistence as a waiver of the settlement provision is to penalize the defendants for an insistence on no more than they were legally entitled to.

At the argument, in response to a question from the Court, plaintiff's counsel stated that the agreement in question, which was not physically before us, was a printed form prepared by the plaintiff. The covenant making the time of settlement of the essence of the agreement was part of the printed document. It was, therefore, the choice of the plaintiff to include the covenant in the contract. We think the plaintiff may not complain that the terms of the agreement are now raised by the other party against it. It is no answer to suggest, as did plaintiff's counsel, that the agreement was a standard printed form easily obtainable at the stationers. The fact remains, we are dealing with an unambiguous written covenant in an agreement presented by the seller to the purchaser. We know of no rule of law which permits a court to ignore such a covenant on the ground, we presume, that the plaintiff really did not intend to so bind itself. If such had been the fact, it would have been the wiser course to have expunged it before execution of the contract.

We think the plaintiff has made its bargain. In the absence of a breach by the defendants, or the prevention by them of the plaintiff's performance, neither of which is present in this case, the plaintiff must now abide by its bargain.

For the foregoing reasons, the judgment of the Vice-Chancellor is reversed. The cause will be remanded with instructions to enter a judgment for the defendants denying the prayer for specific performance, and directing the return of their deposit of $1,400.