80 A.2d 504 (1951)
MORGAN
v.
WELLS et al.
Civil Action No. 200, 1950.
Court of Chancery of Delaware, New Castle.
May 3, 1951.
Albert W. James and H. James Conaway, Jr., of Hering, Morris, James & Hitchens, Wilmington, for the plaintiff.
Daniel O. Hastings and Clarence W. Taylor of Hastings, Stockly & Walz, Wilmington, for the defendants.
*505 WOLCOTT, Chancellor.
The defendants have moved under Rule 12(b) (6) to dismiss the complaint for failure to state a claim upon which relief can be granted. A complaint will be dismissed on motion if it is clearly without merit, and the lack of merit may be either a matter of law or of fact. A complaint, however, will not be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. Vagueness or lack of detail are not sufficient grounds alone to dismiss a complaint for failure to state a claim. 2 Moore's Federal Practice, 2nd Ed., § 12.08; Hess v. Factors Corporation of America, D.C., 80 F.Supp. 727; Christo v. United States, D.C., 83 F.Supp. 960; MacDonald v. Winfield Corporation, D.C., 82 F.Supp. 929; Continental Collieries, Inc. v. Shober, 3 Cir., 130 F.2d 631; Berghane v. Radio Corp. of America, D.C., 4 F.R.D. 446.
Construing this complaint in the light most favorable to the plaintiff, as I am required to do for the purposes of this motion, a fair statement of the substance of the facts alleged is substantially as follows:
The plaintiff and defendant entered into a contract in May of 1950 for the sale of land, the consideration for which was a sum of money plus an agreement by the plaintiff to move two houses located on the land. Almost immediately, the plaintiff began to prepare to carry out his obligations under the contract. For some reason not specifically disclosed by the complaint, the plaintiff became suspicious that the defendants did not intend to carry out the terms of the contract. He accordingly asked the defendants for specific permission to enter upon the land to move the houses. The defendants never gave such permission nor, as far as the complaint shows, specifically refused permission. From then on, in a manner not specifically alleged, the defendants' unwillingness and refusal to carry out the contract continued to be made known to the plaintiff. Meanwhile, a title search of the property in question disclosed *506 two apparent flaws which were called to the defendants' attention. Due primarily to the supposed flaws in the title, the original settlement date, September 1, 1950, could not be met and on that day an extension agreement was entered into extending the date for settlement to November 15, 1950. Thereafter, on several occasions the plaintiff asked for permission from the defendants to enter upon the land to move the houses. The permission thus asked was either denied or the requests ignored. It is specifically alleged that such consent was never given. As a result, matters dragged along thus until shortly before November 15, 1950 when the plaintiff served notice on the defendants of a time and place for final settlement under the agreement and appeared with the necessary amount of cash to complete the purchase price. The defendants did not appear at the noticed settlement. The two houses on the land in question were not removed from the land by the plaintiff. The plaintiff alleges that he has been at all times and is now ready, willing and able to carry out his obligations under the agreement.
The complaint prays that the defendants be compelled to perform their part of the agreement, and that they be enjoined from preventing the plaintiff from performing his obligations.
The reason advanced by the defendants in support of their motion to dismiss is that the contract makes the time of settlement specifically of the essence of the contract and that, accordingly, the plaintiff was required to perform his obligations on or before the settlement date and that, having failed to do so, he is not entitled to the relief of specific performance.
It is fundamental that where the time of performance is expressly made of the essence of a contract, a plaintiff must have performed his part of the contract within the specified time if he is to be entitled to specific performance. Jones v. Carpenter, 13 Del.Ch. 172, 117 A. 559; Coyle v. Kierski, 10 Del.Ch. 229, 89 A. 598. The requirement of performance on the part of a plaintiff as a condition precedent to the granting of specific performance is modified, however, when there has been a repudiation by the defendant of the contract, or when the defendant has prevented the plaintiff from performing his obligations. Kittinger v. Rossman, 12 Del.Ch. 276, 112 A. 388; Wilkins v. Evans, 1 Del. Ch. 156.
The defendants' motion to dismiss when analyzed is based largely on the failure of the complaint to allege in precise and specific detail either a repudiation by the defendants, or detailed circumstances showing the prevention by the defendants of performance by the plaintiff of his obligations. Conceding that the language of the complaint does not meet the exacting standards the defendants demand, nevertheless, since every intendment of language must be resolved most favorably to the pleader, I think it fairly appears from the complaint that a repudiation by the defendants is alleged. Since repudiation by the defendants will excuse non-performance by the plaintiff, a claim upon which relief can be granted has been alleged. Whether or not the repudiation on final hearing can be supported by sufficient proof remains to be seen.
The defendants further argue that non-performance by the plaintiff is not excused by their failure to consent to his entry upon the land in order to remove the buildings. They argue that such consent is implicit in the agreement itself. However, it is to be noted that possession of the entire land is reserved to the defendants until final settlement, and as far as the complaint shows, the parties acted as though actual consent was required from the defendants before the buildings could be removed. Certainly, it is a permissible conclusion to be drawn from the complaint that the defendants acquiesced in the plaintiff's belief to that effect. There is substantial authority to the effect that the actions of the parties during the life of the contract are of great weight in determining the contract's meaning.
The defendants at the argument further urged that the contract, in so far as it required the removal of the houses by *507 the plaintiff, is too indefinite for specific enforcement and, hence, that the complaint should be dismissed. It appearing that indefiniteness of a contract, however, is not an objection to jurisdiction to hear the cause, but may be a circumstance to be considered in the court's discretion when deciding whether to give relief or not, the point was withdrawn. Cf. Edison Realty Co. v. Bauernschub, 191 Md. 451, 62 A.2d 354.
I do not think that the instant case is one to be finally disposed of on a motion to dismiss. The question of whether or not the plaintiff is entitled to relief seems almost entirely factual since the parties are in agreement upon the rules of law applicable to the case. Justice would seem to require that the case be decided on its merits after full hearing. The motion to dismiss is denied.