Howard GOOD and Moses
Weiss, Plaintiffs,

v.

GETTY OIL COMPANY, Gordon P. Getty, Trustee of the Sarah C. Getty Trust, the J. Paul Getty Museum, Harold Williams, Sidney R. Petersen, Harold C. Stuart, Henry Wendt, Robert N. Miller, Graham T. Allison, Jr., Willard S. Boothby, Jr., J. Clayburn Laforce, Chauncey J. Medberry, III, Laurence A. Tisch, Harold E. Berg, Frederick G. Larkin, Jr., David W. Mitchell, A. Alfred Taubman, John W. Teets, Goldman, Sachs & Co., and the First Boston Corporation, Defendants.

and

Texaco, Inc., Nominal Defendant.

Civ. A. No. 8333.

Court of Chancery of Delaware,
New Castle County.

Submitted: Sept. 22, 1986.
Decided: Oct. 15, 1986.

Joseph H. Weiss (argued), Law Offices of Joseph H. Weiss, New York City, Henry A. Heiman of Heiman & Aber, Wilmington, for plaintiffs.

Lawrence C. Ashby (argued), Stephen Jenkins of Ashby, McKelvie & Geddes, Wilmington, Francis P. Barron (argued), of Cravath, Swaine & Moore, New York City, for nominal defendant.

TAYLOR, Judge, Assigned pursuant to Del. Const. Art. IV, § 13(2).

Nominal Defendant Texaco, Inc. [Texaco], has petitioned this Court pursuant to *Chancery Court Rule* 72(b) to certify the following question to the Delaware Supreme Court:

Whether the issue of the futility of a demand upon board of directors (and therefore the issue of whether a corporation loses control of the management of its cause of action) invariably must be measured against the factual allegations of a derivative complaint, or whether in a situation such as this (involving claims against unrelated third parties) a factual record may be established in an appropriate fashion to demonstrate the incorrectness of the factual allegations of the Complaint relating to that issue.

Plaintiffs, two stockholders of Texaco, acting derivatively on behalf of Texaco, seek to assert a claim against Getty Oil

Company, Gordon P. Getty, Trustee of the Sarah C. Getty Trust, The J. Paul Getty Museum and former directors of Getty [collectively Getty defendants]. This case is one of a series of cases filed in this Court which are of particular note because they are the aftermath of a judgment entered in favor of Pennzoil Company [Pennzoil] against Texaco in a Texas Court which awarded compensatory damages of $7.5 billion and punitive damages of $3 billion to Pennzoil.

By decision dated June 12, 1986, this Court held that the complaint did not satisfy the requirements of *Chancery Court Rule* 23.1 as those requirements were expounded by the Supreme Court in *Aronson v. Lewis,* Del.Supr., 473 A.2d 805 (1984) and *Pogostin v. Rice,* Del.Supr., 480 A.2d 619 (1984). The Court granted plaintiff's leave to amend the complaint to meet those requirements. Plaintiffs filed an amended complaint. Texaco moved for judgment of dismissal.[1] In its motion for judgment of dismissal, Texaco requested permission to establish a factual record in support of its motion. Simultaneously with that motion, Texaco filed this petition.

It appears from this petition that Texaco's objective is to have the Supreme Court modify the exacting test which it announced in *Aronson* and re-announced in *Pogostin* by permitting a defendant to disprove the allegations of the complaint as an implementation of its motion to dismiss.

Texaco's petition appears to rest on the assumption that the only means of resolving the issue of demand futility is through a motion to dismiss. This is not the holding of any Delaware decision nor is it supported by Court Rules.

The motion to dismiss is directed to the sufficiency of the complaint. *Morgan v. Wells,* Del.Ch., 80 A.2d 504 (1951); *Barni v. Kutner,* Del.Super., 76 A.2d 801 (1950);

5 *Wright & Miller, Federal Practice & Procedure:* Civil § 1356. Its focus is upon the sufficiency of the language of the complaint when considered in the light of the applicable Court Rules and the applicable statutes and principles of law. *Ibid.* Both *Aronson* and *Pogostin* dealt with motions to dismiss the complaint. Hence, those decisions emphasized the completeness and exactness which the complaint must contain in order to satisfy *Chancery Court Rule* 23.1. Nothing in those decisions precludes consideration of factual matters when the issue of demand futility is raised in a context other than a motion to dismiss the complaint.

*Chancery Court Rule* 12(b) permits a party to present matters outside the pleading in connection with a motion to dismiss the complaint. However, that material does not serve as an aid to the motion to dismiss. On the contrary, submission of that material, if not rejected by the Court, converts the motion to dismiss to a motion for summary judgment.[2]

Texaco would have its motion to dismiss retain characteristics of a motion to dismiss while having the Court resolve the motion based upon facts which would disprove the allegations of the complaint. Such resolution requires application of standards applicable to summary judgment as provided in *Chancery Court Rule* 56 or trial of the separate issue of demand futility under *Chancery Court Rule* 42(b).

Texaco states that it seeks certification to the Supreme Court in order to open an avenue by which it can have a factual determination of the demand futility issue— namely, the right of the directors to determine "whether, when and how such claims should be asserted." It further asserts that it does not wish to restrict the factual presentation to affidavits and that it "welcome[s] the opportunity for the Plaintiffs

---

**1.** Throughout this decision, the phrase "motion to dismiss" or "motion for judgment of dismissal" will be used to refer to a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

**2.** 5 *Wright & Miller,* Federal Practice & Procedure: Civil § 1366.

to engage in reasonable discovery directed to those issues." Texaco has not previously sought to pursue such an approach in this Court other than by its motion for summary judgment which was filed subsequent to the presentation of this petition. Texaco's position on its previous motion to dismiss was that *Aronson* and *Pogostin* required dismissal because of the inadequacies of the complaint. The Court agreed.

I do not find that the Supreme Court has demonstrated intent to deprive the corporate defendant in a derivative suit from pursuing various procedural alternatives, available under the rules of this Court, in support of its defense that grounds for disqualifying the directors do not exist.

Texaco's desire to disprove the allegations of the complaint through the use of a motion to dismiss runs counter to a fundamental premise of a motion to dismiss the complaint, which is that the motion assumes that the well-pleaded allegations of the complaint are true. *Spence v. Funk,* Del.Supr., 396 A.2d 967 (1978); 5 *Wright & Miller, Federal Practice & Procedure:* Civil § 1357; *Weinberger v. UOP, Inc.,* Del.Ch., 409 A.2d 1262 (1979); *Danby v. Osteopathic Hospital Assn. of Delaware,* Del.Ch., 101 A.2d 308 (1953), aff'd Del. Supr., 104 A.2d 903 (1954).

Texaco argues that prompt Supreme Court action is required at this time in order to prevent displacement of Texaco's management's control of the corporate claims. At this stage Texaco's management has lost no control of these claims and plaintiffs have not sought to press forward with this litigation or even to take discovery. In fact, plaintiffs have indicated a willingness to await the outcome of the Texas appellate proceedings involving the Pennzoil judgment. Texaco's management control is under no restraint from this Court.

It is recognized that the principle which requires that management retain control over corporate claims except where conditions of director disqualification exist, which is the foundation of *Chancery Court Rule* 23.1, is a substantive matter. *Aronson,* 473 A.2d at 811–12. Therefore, its ultimate consideration does not end when the complaint is found to be sufficient. It may be raised as a fact issue to be resolved in a variety of ways thereafter.

Texaco also contends that Supreme Court intercession is called for because of what it contends is inconsistent actions of this Court in applying *Aronson* and *Pogostin.* It cites *Good v. Texaco, Inc.,* Del.Ch., C.A. No. 7501, Brown, C. (May 14, 1984); *Lewis v. Hett,* Del.Ch., C.A. No. 6752, Berger, V.C. (September 4, 1984); *The Scopas Technology Company, Inc. v. Lord,* Del. Ch., C.A. No. 7559, Walsh, V.C. (November 10, 1984); *Lewis & Ominsky v. Straetz,* Del.Ch., C.A. No. 7859, Hartnett, V.C. (February 12, 1986) [Available on WESTLAW, DE–CS database]; and the decision in this case dated June 12, 1986. Study of these cases does not support Texaco's charge of inconsistencies. The decision in *Good* [3], *Hett* [4] and in this case considered the sufficiency of the allegations of the complaints.

In *Scopas Technology* the Vice Chancellor noted that both parties had relied heavily on facts which were outside the pleadings. In view of this factual reliance, the Vice Chancellor elected under *Chancery Court Rule* 12(b) to treat the motion to dismiss as a motion for summary judgment. Such treatment does not violate *Aronson* or *Pogostin.*

*Lewis & Ominsky* involved a motion to dismiss for failure to state a claim, filed after defendants had filed an answer. Applying *Chancery Court Rule* 10(c) the Vice

---

**3.** After the denial of the motion to dismiss, the case proceeded through extensive discovery which was followed by a settlement which was approved by this Court. The Supreme Court's decision in *Polk v. Good,* Del.Supr., 507 A.2d 531 (1986), to which Texaco refers dealt with the settlement and was not concerned with the demand futility issue.

**4.** Shortly after the denial of the motion to dismiss, defendants filed a motion for summary judgment.

Chancellor looked to the documents which were attached or referred to in the complaint and answer, and held that the allegations of the complaint, when viewed in the light of those documents, were so lacking in merit that it should be dismissed. In deciding the motion to dismiss he declined to treat the motion as a motion for summary judgment, and instead treated it as a motion for judgment on the pleadings.

In this case the Court found that the complaint on its face did not meet the requirements of *Chancery Court Rule* 23.1 as expounded in *Aronson* and *Pogostin*, and granted the motion to dismiss without considering the factual material which Texaco had submitted. Texaco did not request the Court to convert its motion to a motion for summary judgment.

From the foregoing review, I find no rulings by this Court warranting Supreme Court intervention. Nor do I find that the Supreme Court decisions in *Aronson* and *Pogostin* prevent this Court from making appropriate factual determinations in the area of demand futility when called upon by appropriate procedural action by Texaco. Accordingly, Texaco's petition for certification is DENIED.

IT IS SO ORDERED.