**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:     December 5, 2017
Date Submitted:  September 5, 2017

John R. Fernstrom
29242 Park View Drive
Dagsboro, DE 19939

David J. Weidman, Esquire
Sergovic Carmean Weidman McCartney & Owens, P.A.
406 South Bedford Street, Suite 1
PO Box 751
Georgetown, DE 19947

RE:   *John R. Fernstrom v. Victor Trunzo, Gary Owens, Eugene Castellucci,
James Dautenhahn, Peter Deangelis, David J. Weidman, Individually and
Ellis Point Condominium Association, Inc.*
C.A. No. 2017-0518-PWG

Dear Counsel and Mr. Fernstrom:

Plaintiff John Fernstrom (hereinafter "Fernstrom") is a unit owner in the

Ellis Point Condominium Association, Inc. (hereinafter "HOA").  Respondents

Victor Trunzo, Eugene Castellucci, James Dautenhahn, Peter DeAngelis, and Gary

Owens serve on the HOA's Board of Directors (hereinafter "Board").  Respondent

David Weidman (hereinafter "Weidman") provides legal representation to the

HOA. Plaintiff filed this action claiming Respondents, which also includes the HOA, breached their duty of loyalty to Fernstrom. He seeks a declaratory judgment, permanent injunctive relief, and damages related to Respondents' actions assessing parking fines against Fernstrom, pursuant to the Declaration of Condominium for Ellis Point (hereinafter "Declaration"), HOA's Code of Regulations, Penalty Policy and Schedule of Fines. Respondents filed motions to dismiss the complaint and the persons named individually pursuant to Court of Chancery Rule 12(b)(6), arguing that Fernstrom's cause of action is not ripe, individual Respondents did not act outside of their official capacities as Board members or attorney to the Board, there is no duty of loyalty owed by HOA Board members to unit owners, and no breach of the duty of loyalty has been asserted, and requesting costs. I recommend that the Court dismiss the action without prejudice because the cause of action is not ripe for judicial review, decline to award costs to Respondents, and dismiss all other pending motions, including the motions for Rule 11 sanctions and for default judgment, as moot.

## BACKGROUND

Fernstrom filed the complaint on July 18, 2017, seeking relief against Respondents related to $5,950 in parking fines assessed against Fernstrom for 3 – 4 vehicles they assert have been "stored" in his driveway in violation of the HOA's

Code of Regulations procedures.[1]  He claims that the Respondents have breached a duty of loyalty to him and seeks $150,000 in exemplary damages.  On July 18th, Fernstrom also filed motions to expedite and for a temporary restraining order, which were heard by Vice Chancellor Glasscock and denied the same day. Fernstrom filed an amended complaint on July 28, 2107, adding another claim against Weidman individually, alleging that Weidman aided and abetted the Board in breaching their duty of loyalty to Fernstrom, and seeking $30,000 in exemplary damages against Weidman.

Respondents filed a motion to dismiss the complaint, and the persons named individually, pursuant to Court of Chancery Rule 12(b)(6) on July 21, 2017. Subsequent to the filing of the amended complaint, a revised motion to dismiss was submitted on August 11, 2017, along with another motion to dismiss the complaint against Weidman individually under Rule 12(b)(6).  Respondents filed a motion for Rule 11 sanctions against Fernstrom on September 18, 2017, alleging ghostwriting and deliberate misrepresentations in his pleadings, followed by Fernstrom's filing of a motion for Rule 11 sanctions against Weidman for misrepresentations in the pleadings on the following day.  Fernstrom filed a motion

---

[1] Stored vehicles are defined in the Declaration of Condominium for Ellis Point, as remaining "parked in the same spot for 14 consecutive days." Compl., Exh.2, ¶ 13(d)(iii)(B), at 21.

for default judgment against the HOA on October 27, 2017. The parties have briefed the motions. This is my final report.

## STANDARD OF REVIEW FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

The Court may dismiss parties' claims for failure to state a claim under Court of Chancery Rule 12(b)(6). The facts for purposes of the motion to dismiss under Rule 12(b)(6) are drawn from the complaint and the documents the complaint incorporates by reference. In ruling on a motion to dismiss for failure to state a claim, the well-pled allegations of a complaint are assumed to be true and the plaintiff receives the benefit of all reasonable inferences.[2] Conclusions in the complaint are not accepted as true without allegations of facts to support them.[3] But vagueness or lack of detail are not sufficient grounds alone to dismiss for failure to state a claim so long as the complaint provides the defendant with notice of the claim.[4] "Failure to plead an element of a claim precludes entitlement to relief and, therefore, is grounds to dismiss that claim."[5] A broad brush must be

---

[2] *See In re Tri-Star Pictures, Inc., Litig*., 634 A.2d 319, 326 (Del. 1993)(citation omitted); *Prairie Capital III, L.P. v. Double E Holding Corp.,* 132 A.3d 35, 49 (Del. Ch. 2015).
[3] *In re Tri-Star Pictures, Inc., Litig*., 634 A.2d at 326.
[4] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Morgan v. Wells*, 80 A.2d 504, 505 (Del. Ch. 1951).
[5] *Zebroski v. Progressive Direct Ins. Co.,* 2014 WL 2156984, at *6 (Del. Ch. Apr. 30, 2014).

used in determining sufficiency of claims – whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof.[6]

## ANALYSIS

Respondents argue that Fernstrom's claim for declaratory judgment should be dismissed as unripe since he failed to comply with the pre-litigation mediation provision contained in the Declaration. A plaintiff seeking a declaratory judgment has failed to state a claim upon which relief can be granted if no actual controversy exists.[7] An actual controversy requires that the issue involved in the controversy be ripe for judicial determination.[8] If the action requires the occurrence of some future event before the action's factual predicate is complete, the controversy is not ripe.[9] Fernstrom's claim for declaratory judgment is not ripe for adjudication.

Paragraph 20 of the Declaration provides that all persons subject to the Declaration agree not to file suit in a court "unless and until" they had first submitted a claim to the alternative dispute resolution procedures in this paragraph. This restriction applies to disputes or claims arising out of the "interpretation,

---

[6] *Cent. Mortg. Co.*, 27 A.3d at 536, citing *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896–97 (Del. 2002).

[7] *See, e.g., K&K Screw Prod., L.L.C. v. Emerick Capital Investments, Inc.*, 2011 WL 3505354, at *7 (Del. Ch. Aug. 9, 2011); *Mulford v. Dep't of Nat. Res. & Envtl. Control*, 2007 WL 4576616, at *2 (Del. Super. Nov. 5, 2007).

[8] 2007 WL 4576616, at *2.

application, or enforcement of the Condominium Instruments," or the rights, obligations and duties of persons subject to the Declaration, but exclude certain claims, such as a "suit in which any indispensable party is not a [person subject to the Declaration]."[10] The alternative dispute process detailed in Paragraph 20 requires that the claimant provide written notice to the HOA Board and all involved in the claim concerning the nature of the claim and other information, and request a meeting to discuss resolution. If the claim is not resolved through good faith negotiations or within 30 days of the date of the claim notice, then the claimant must submit it to mediation within another 30 days, with an entity designated by the HOA or an independent dispute resolution agency.[11] If the claim is not settled within 30 days after submission to mediation, or other reasonable time as determined by the mediator, mediation shall be terminated and the claimant is thereafter "entitled to file suit."[12]

---

[9] *Energy Partners, Ltd. v. Stone Energy Corp.,* 2006 WL 2947483, at *6–7 (Del. Ch. Oct. 11, 2006).

[10] Compl., Exh. 2, ¶ 20(a)(ii), at 33.

[11] If the claim is not submitted to mediation within the 30-day time frame, or if the claimant does not appear for a scheduled mediation, then the claimant "shall be deemed to have waived" it. *Id.*, Exh. 2, ¶ 20(b)(iii), at 34. The sending of the notice asserting a claim triggers the time frames for completing the alternative dispute process. In this case, the initial notice has not been sent activating the process so the claim would not be deemed as waived.

[12] *Id.*, Exh. 2, ¶ 20(b)(iii), at 34.

Contract interpretation requires that where contractual language is clear and unambiguous, the parties are bound by "its plain meaning."[13]    Under the Declaration, it is clear that persons subject to the Declaration are required to follow the alternative dispute resolution process as a prerequisite to litigation if Paragraph 20(b)'s criteria are met.  If issues are resolved through mediation, they can be handled more expeditiously and often with more satisfying results for the parties involved, causing benefits to the parties as well as the saving of scarce court resources.[14]   Given the future benefits that may result from mediation and the unambiguous language in the Declaration concerning the alternative dispute resolution process, I find that, when the conditions for its applicability are met, the Declaration's pre-litigation mediation process constitutes an enforceable condition precedent to litigation.[15]

---

[13] *O'Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281, 288 (Del. 2001).

[14] *Cf.,* Heather Scheiwe Kulp, *Increasing Referrals to Small Claims Mediation Programs: Models to Improve Access to Justice*, 14 Cardozo J. Conflict Resol. 361, 362 (2013)(mediation's benefits are well-documented: increased sense of fairness and procedural justice; ability to craft creative solutions; shortened timeline from case filing to disposition; and many others).

[15] *See MB Am., Inc. v. Alaska Pac. Leasing,* 367 P.3d 1286, 1288 (Nev. 2016) (holding that the mediation provision in the parties' contract is an enforceable condition precedent to litigation). *Cf. Qwest Commc'ns Int'l Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 821 A.2d 323, 328 (Del. Ch. 2002)(enforcing an ADR contractual provision, although the issue before the Court was the contract language controlling the parties' right to select either mediation or arbitration under the ADR provision); *But see Millsboro Fire Co. v. Constr. Mgmt. Serv., Inc.*, 2009 WL 846614, at *5 (Del. Super. Mar. 31, 2009), *decision clarified on reargument*, 2009 WL 4017766 (Del. Super. Nov. 12, 2009)(finding the contractual provision requiring parties to mediate claims as a

Paragraph 20 governs Fernstrom's claims. His claims concern the interpretation, application, or enforcement of the Condominium Instruments (Declaration and the Code of Regulations of the Ellis Point Condominium Association, Inc.) and documents arising out of those Instruments, as well as the rights, obligations and duties of a person subject to the Declaration.

Fernstrom is a unit owner and subject to the Declaration, and all Respondents, except Weidman, are also subject to the Declaration. Fernstrom argues that Paragraph 20 excepts this dispute from the alternative dispute resolution process because Weidman is a respondent in two counts in the complaint, an indispensable party, and not subject to the Declaration. The first count in the complaint seeks declaratory judgment relief against Weidman and the other Respondents related to the Board's actions prosecuting Fernstrom's parking violations. Fernstom alleges Weidman sent out Fernstrom's violation notice, handled the violation hearing, and presided over the Board hearing. In the fourth count in the amended complaint, Fernstrom alleges that Weidman acted outside of the scope of his legal representation of the HOA, and aided and abetted the other

condition precedent to arbitration or litigation was waived and the condition precedent had been met because parties had already engaged in unsuccessful mediation during the litigation).

Respondents in breaching their fiduciary duty of loyalty to Fernstrom by presiding over Fernstrom's violation hearing, and advising the Board to fine Fernstrom without affording him notice of the violation and other rights contrary to the Code of Regulations and state law and to revoke Fernstrom's right to vote on owner issues, contrary to state law.[16]

The Declaration does not define "indispensable party." I therefore consider the description of indispensable parties under Court of Chancery Rule 19 as related to the joinder of persons needed for just adjudication for guidance. Under Rule 19(a), the Court determines whether an absent person should be party to the litigation because they have an interest in the subject of the action which, if they are not included, will mean that disposition in the case will injure their rights or subject them to substantial risk of multiple or inconsistent obligations related to that interest. If their joinder is necessary, the Court orders them to be joined. If joinder is not feasible, the Court determines whether "in equity and good conscience" the action should proceed or be dismissed because the person is a necessary party under Rule 19(b) factors. Rule 19(b) factors include: to what extent a judgment might be prejudicial to the absent person or parties; the extent to which provisions in the judgment can lessen or avoid prejudice; whether the

---

[16] Amended Compl., ¶ 209-213, at 56-57 (July 28, 2017).

person's absence will render the judgment inadequate; and whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

I do not find that Weidman is an indispensable party in the context of this dispute. Fernstrom's allegations do not demonstrate that, if Weidman is not included as a party, Weidman's or Fernstrom's interests will be prejudiced or the judgment rendered inadequate. Fernstrom's assertions in the complaint relate to allegedly injurious actions by the HOA Board. He has not alleged any basis to conclude Weidman acted outside of his capacity as attorney for the Board and HOA. Legal representation by an attorney includes providing legal advice to their clients (who may or may not follow that attorney's advice), writing letters or other documents, and taking an active role in hearings or proceedings, on their clients' behalf. Weidman's alleged actions are consistent with the provision of legal representation. Although Fernstrom may have issues with the Board's actions regarding parking fines assessed against him, he has not alleged that Weidman usurped the Board's decision-making process, or acted inappropriately or outside of his capacity as attorney for the Board and HOA. In fact, in the absence of allegations of *ultra vires* conduct by an attorney outside the scope of legal representation, Fernstrom's argument would lead to the conclusion that attorneys are automatically considered indispensable parties in actions in which they are

providing representation. I decline to find that Weidman was an indispensable party for the purposes of this lawsuit. Therefore, Fernstrom needed to follow Paragraph 20's alternative dispute resolution process prior to instituting litigation.

To comply with Paragraph 20, Fernstrom would need to provide written notice to the Board and any others subject to the Declaration who are involved and request a meeting to discuss resolution. Once 30 days have passed without a negotiated settlement on the claim, he would submit it to mediation and, following another 30 days for mediation (or other reasonable time determined by the mediator), he could file suit. Fernstrom has not alleged that he has taken the necessary steps under Paragraph 20. Since Fernstrom has not complied with Paragraph 20's requirements and the Declaration's pre-litigation mediation process constitutes an enforceable condition precedent to litigation, I recommend that the Court find Fernstrom's claims are not ripe for judicial review and grant the Respondent's motion to dismiss the complaint pursuant to Rule 12(b)(6) without prejudice.[17] With the dismissal of the complaint, I also recommend that all other pending motions, including the motions for Rule 11 sanctions and for default judgment, be dismissed as moot.

---

[17] *See MB Am., Inc.*, 367 P.3d at 1291.

Respondents' motion to dismiss requests that costs be assessed against Fernstrom. I recommend that the Court deny their request. The Condominium Instruments address attorneys' fees and costs under limited circumstances, which do not include the current situation.[18] And, this action was not filed under 10 *Del. C.* § 348, so its fee-shifting provision does not apply here.

The standard for awarding attorney's fees in litigation by the Court of Chancery is well established and based upon the principle commonly referred to as the American Rule.[19] Under the American Rule, each party is normally responsible for their own attorneys' fees, whatever the outcome of the litigation, absent express statutory language to the contrary or an equitable doctrine exception, such as the bad faith exception.[20] Delaware courts have awarded attorney's fees for bad faith when "parties have unnecessarily prolonged or delayed

---

[18] Under Paragraph 20 of the Declaration, parties are responsible for their own attorneys' fees for mediation but, if claims are settled by mediation or negotiation and one party violates the agreement, the party taking enforcement action is entitled to recover all costs incurred in enforcing the agreement against the non-complying party, including attorneys' fees and court costs. Compl., Exh. 2, ¶ 20(b)(iii) & (iv), at 34. The Code of Regulations only mentions attorneys' fees in the context of collecting assessments against unit owners, stating that "reasonable attorneys' fees incurred" are an obligation of the unit owners and a lien against the unit. *Id.,* Exh. 3 (Code of Regulations of Ellis Point Condominium Assn. Inc.), Art. 9.2, at 18.

[19] *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545 (Del. 1998); *Tandycrafts, Inc. v. Initio Partners,* 562 A.2d 1162, 1164 (Del. 1989).

[20] *Tandycrafts, Inc.,* 562 A.2d at 1164.

litigation, falsified records or knowingly asserted frivolous claims."[21] "The bad faith exception is applied in 'extraordinary circumstances' as a tool to deter abusive litigation and to protect the integrity of the judicial process."[22] This case provides no basis to conclude Fernstrom's actions implicated the bad faith exception and I recommend that the Court reject Respondents' request for a fee-shifting award.

## CONCLUSION

For the foregoing reasons, I recommend that the Court grant Respondents' motion to dismiss under Rule 12(b)(6) without prejudice, because the complaint is not ripe for judicial review, and deny Respondents' request for costs to be assessed against Fernstrom. Since the complaint will be dismissed, I recommend that the Court decline to address the pending motions for Rule 11 sanctions and for default judgment, as moot.

I am waiving the filing of a draft report and designating this as my final report. Exceptions may be taken pursuant to Court of Chancery Rule 144.

---

[21] *Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005).
[22] *Montgomery Cellular Holding Co. v. Dobler*, 880 A.2d 206, 227 (Del. 2005) (citation omitted).

Respectfully,

/s/  Patricia W. Griffin

Patricia W. Griffin
Master in Chancery


PWG/kekz